THE PEOPLE OF THE STATE OF ILLINOIS, for the use of John Kedzie, Plaintiffs in Error, v. ANDREW WARDLAW et al., Defendants in Error.

ERROR TO PUTNAM.

It is erroneous to sustain a demurrer to a declaration in debt, on a sheriff's bond, which is properly drawn, and wherein the breaches are well assigned.

THIS was an action of debt, commenced by plaintiffs in error, against the defendants in error, in the Circuit Court of Putnam county, on a sheriff's bond. The Judge of Putnam Circuit Court sustained a demurrer to plaintiffs' declaration, and gave leave, on application of plaintiffs' attorney, to file an amended declaration. And afterwards the the plaintiffs filed a declaration in said court, in the words and figures following, to wit:

Andrew Wardlaw, Shepherd Moore and Robert W. Moore, defendants in this suit, were summoned to answer unto the People of the State of Illinois, plaintiffs herein, for the use of John H. Kedzie, of a plea that they render to the said plaintiffs, for the use aforesaid, the sum of ten thousand dollars, which they owe to and unjustly detain from said plaintiffs, for the use aforesaid, whereupon the said plaintiffs, by D. P. Jenkins, their attorney, in a plea of debt, complain of defendants, for that whereas, heretofore, to wit, on the fifteenth day of November, in the year of our Lord one thousand eight hundred and fifty, at Hennepin, to wit, at the county of Putnam aforesaid, by their certain writing obligatory, commonly called an official bond, sealed with their seals, and now to the court here shown, the date whereof is the day and year aforesaid, acknowledged themselves held and firmly bound unto the People of the State of Illinois, in the penal sum of ten thousand dollars, current money of the United States of America, to be paid to said plaintiffs, and for the payment of which well and truly to be made, the said defendants thereby bound themselves, their heirs, executors and administrators, jointly and severally, which said writing obligatory was and is subject to a certain condition thereunder written, whereby, after reciting to the effect following, that, whereas the above named Andrew Wardlaw had been duly elected sheriff of the county of Putnam and State of Illinois, aforesaid, it was provided in and by said condition, that if the said Andrew Wardlaw should faithfully discharge all the duties required, or to be required of him by law, as sheriff of the county of Putnam aforesaid, then said obligation to be null and void, otherwise to remain in full force and virtue. And which said writing obligatory, with the condition aforesaid there-

under written, was then and there received by the People of the State of Illinois, as the official bond of the said Andrew Wardlaw, as sheriff of the county of Putnam aforesaid, with the said Shepherd Moore and Robert W. Moore as his sureties in the premises, and then and there lodged with the clerk of the Circuit Court of said county, by the defendants. And there being no term of the Circuit Court to be held in said county within thirty days after said clerk gave notice to the said Andrew Wardlaw of the receipt of his commission as sheriff of said county, the said clerk of said court, on the reception of said writing obligatory, with the condition thereunder written as aforesaid, then and there approved of the same as the official bond of said Andrew Wardlaw, as sheriff of the county aforesaid, and thereupon the said Andrew Wardlaw then and from thenceforth, until and at and after the misconduct of the said Andrew Wardlaw, as sheriff of the county aforesaid, hereinafter complained of, took upon himself to discharge the duties of, and was then and there sheriff of said county, and so continued to be sheriff of said county until the expiration of two years from the fifth day of November, in the year aforesaid, and until his successor was duly elected and qualified. Yet the said plaintiffs in fact say, that the said Andrew Wardlaw did not faithfully discharge all the duties required of him as sheriff of said county of Putnam, according to the condition of said writing obligatory, but during the time for which he was elected to fill said office of sheriff, as aforesaid, wholly neglected and refused so to do. For that whereas, heretofore, to wit, on the thirteenth day of December, A. D. eighteen hundred and fifty, at the county of Putnam aforesaid, the said John H. Kedzie sued and prosecuted, out of the clerk's office of the Circuit Court in and for said county, a certain writ of execution in due form of law, directed to the sheriff of said county, by which said writ the said sheriff was commanded that of the goods and chattels, lands and tenements of one William Ray, in his county, he should cause to be made the sum of one thousand dollars debt, and six hundred and seventy-seven dollars and fifty cents damages, which the said John H. Kedzie, on the eighth day of October, in the year eighteen hundred and fifty, before the Circuit Court of Putnam county, recovered against him, the said William Ray, for his debt and damages, together with lawful interest thereon from the eighth day of October, A. D. eighteen hundred and fifty, until paid; also the sum of four dollars and forty-three and one-half cents, which was by the said court adjudged to the said John H. Kedzie, for costs and charges by him expended about his suit in that behalf, whereof the said William Ray was convicted, as appears of record; and that he, the said sheriff, should

have the money at the clerk's office of said court within ninety days from the date thereof, to render unto the said John H. Kedzie the debt, interest and charges aforesaid, and should have then and there said writ. And plaintiffs aver that the said writ of execution, and the judgment on which it was issued, were in due form of law and in full force and effect, not reversed, and was unsatisfied in whole or in part, and whilst said judgment was so in full force and effect and not satisfied, either in whole or in part, to wit, on the fourteenth day of December, A. D. eighteen hundred and fifty, at Hennepin, to wit, at the county aforesaid, the said writ of execution being in due form of law, as aforesaid, was delivered to the said Andrew Wardlaw, to be by him, as sheriff of said county, executed in due form of law, he then being sheriff of said county and from thenceforth until his said term of two years, as aforesaid, expired, and his successor elected and qualified, continued to be sheriff of said county, and so being and continuing to be sheriff, as aforesaid, he, the said Andrew Wardlaw, afterwards, by virtue of the said writ of execution, to wit, on the fourteenth day of December, A. D. eighteen hundred and fifty, at the county aforesaid, did levy upon a lot of corn in the crib, being a large amount of corn, to wit, five thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof; and afterwards, to wit, on the eighth day of January, A. D. eighteen hundred and fifty-one, at the county aforesaid, by virtue of the execution aforesaid, did levy upon another lot of corn in the crib, being a large amount, to wit, three thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof, all of the said corn being then in a crib near said Ray's pork-house, near the town of Hennepin, in the county aforesaid, and being the property of the said William Ray, to satisfy the said writ of execution; which said goods and chattels so levied upon, plaintiffs aver would have been amply sufficient to satisfy said writ of execution, if the same had been exposed to sale and sold by virtue of said writ of execution, and the levy made under and by virtue of the same; yet the said Andrew Wardlaw, continuing to be sheriff as aforesaid, during the lifetime of said writ, continually neglected, from the time said writ was delivered to him to execute as aforesaid, until the return day of the same, and has ever since neglected and willfully omitted to advertise or offer for sale the said goods and chattels so levied upon by him as sheriff, as aforesaid.

And the said plaintiffs, for assigning a further breach of the said condition of the said writing obligatory, according to the form of the statute in such case made and provided, further

say, that afterwards, to wit, on the thirteenth day of December, A. D. eighteen hundred and fifty, at the county aforesaid, said John H. Kedzie sued and prosecuted out of the Circuit Court in and for the county of Putnam aforesaid, a certain writ of *fieri facias*, commonly called an execution, directed to the sheriff of said county, by which said writ the said sheriff was commanded, that of the goods and chattels, lands and tenements of one William Ray, in his county, he should cause to be made the sum of one thousand dollars debt, and six hundred and seventy-seven dollars and fifty cents damages, which the said John H. Kedzie, on the eighth day of October, A. D. eighteen hundred and fifty, before the Circuit Court of Putnam county, recovered against him, the said William Ray, for his debt and damages, together with lawful interest thereon from the eighth day of October, A. D. eighteen hundred and fifty, until paid; also the sum of four dollars and forty-three and one-half cents, which was by the said court adjudged to the said John H. Kedzie, for costs and charges by him expended about his suit in that behalf, whereof the said William Ray was convicted, as appears of record, and that the said sheriff should have the money at the clerk's office of said court, within ninety days from the date thereof, to render unto the said John H. Kedzie the debt, interest and charges aforesaid, and should have then and there said writ, and which said writ and the judgment on which it was issued were in due form of law and in full force and effect; and which said writ, afterwards, to wit, on the fourteenth day of December, A. D. eighteen hundred and fifty, at Hennepin, to wit, at the county aforesaid, was delivered to the said Andrew Wardlaw, he then being sheriff of said county, to be by him as sheriff as aforesaid, executed in due form of law. And afterwards, to wit, on the fourteenth day of December, A. D. eighteen hundred and fifty, at the county aforesaid, the said Andrew Wardlaw, sheriff as aforesaid, by virtue of the said writ of execution, and of the authority vested in him by virtue of his office of sheriff of said county, levied upon a lot of corn in the crib, being a large amount of corn, to wit, five thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof. And afterwards, to wit, on the eighth day of January, A. D. eighteen hundred and fifty-one, at the county aforesaid, levied upon another lot of corn in the crib,. being a large amount of corn, to wit, three thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof, all of the said corn being then in a crib near said Ray's pork-house, near the town of Hennepin, in the county aforesaid, and being the property of the said William Ray, to

satisfy the said writ; which said goods and chattels so levied upon as aforesaid, plaintiffs aver would have been amply sufficient to satisfy the said writ of execution, if the same had been exposed to sale and sold under and by virtue of said writ; yet the said Andrew Wardlaw, then being sheriff as aforesaid of the county aforesaid, willfully, carelessly and negligently permitted and suffered the said goods and chattels so levied upon, to become wholly lost and destroyed; wherefore, and by reason of the said carelessness, negligence and misconduct of the said Wardlaw, sheriff as aforesaid, the amount of the said debt, damages and costs, so adjudged to the said John H. Kedzie, has been wholly lost to the said John H. Kedzie.

And the said plaintiffs, for assigning a further breach of the said condition of the said writing obligatory, according to the form of the statute in such cases made and provided, further say, that afterwards, to wit, on the fourteenth day of December, A. D. eighteen hundred and fifty, and whilst the said Andrew Wardlaw was sheriff of Putnam county, as aforesaid, did, by virtue of a certain writ of execution, which was in due form of law and in full force, to wit, on the fourteenth day of December, A. D. eighteen hundred and fifty, in the cause wherein John H. Kedzie was plaintiff and William Ray was defendant, levy upon a lot of corn in the crib, being a large amount of corn, to wit, five thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof. And afterwards, to wit, on the eighth day of January, A. D. eighteen hundred and fifty-one, the said Wardlaw, being sheriff as aforesaid, did, by virtue of the same writ, levy upon a certain other lot of corn in the crib, being a large amount of corn, to wit, three thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof, all of the said corn being then in a crib near said Ray's pork-house, near the town of Hennepin, in the county aforesaid, and being the property of the said William Ray, to satisfy the said writ. And afterwards, to wit, on the eleventh day of August, A. D. eighteen hundred and fifty-four, the said John H. Kedzie caused to be issued out of said Circuit Court in and for said county, upon the judgment obtained in said cause against the said William Ray, which said judgment was in due form of law and in full force and effect, a certain writ of *venditioni exponas* execution, in substance as follows, to wit: (Here follows a copy of the *venditioni exponas* at length.)

And the plaintiffs aver, that afterwards, to wit, on the eleventh day of August, A. D. eighteen hundred and fifty-four, at the county aforesaid, the said writ of *venditioni exponas* was delivered to the said Andrew Wardlaw, to be executed by him

in fulfillment of his duties as late sheriff of the county of Putnam aforesaid, and by reason of his having made the levy, set forth as aforesaid; and plaintiffs further aver, that the said goods and chattels, lands and tenements, so levied upon as aforesaid, by the said Andrew Wardlaw, at the time of the delivery of the said last mentioned writ to the said Wardlaw, as aforesaid, had not been sold by said Wardlaw, as sheriff of said county of Putnam, nor by any person having lawful authority so to do, and that the same were amply sufficient to satisfy said writ if the same had been exposed to sale and sold by said Wardlaw, as he was by said writ commanded; yet the said Andrew Wardlaw, then and there continually during the lifetime of the said writ of *venditioni exponas*, and from the issuing and delivery to him of the same as aforesaid, and thence hitherto, willfully omitted and neglected to advertise or offer the said goods and chattels, lands and tenements, so levied upon by him as sheriff as aforesaid, for sale, and has thence hitherto willfully omitted and neglected to make return of the said last mentioned writ, as he was thereby commanded, but the same to do still doth neglect and refuse.

And the said plaintiffs, for assigning a further breach of the said condition of the said writing obligatory, according to the form of the statute in such case made and provided, further say, that on, to wit, the 13th day of December, A. D. 1850, at the county aforesaid, said John H. Kedzie sued and prosecuted out of the clerk's office of the Circuit Court, in and for the county of Putnam aforesaid, a certain writ of execution, being the same writ of execution referred to in the second breach assigned in this declaration, and which said writ of execution was in due form of law and in full force and effect, directed to the sheriff of Putnam county aforesaid, to execute, by which said writ the said sheriff was commanded, that of the goods and chattels, lands and tenements of one William Ray, in his county, he should cause to be made the sum of one thousand dollars debt, and six hundred and seventy-seven dollars and fifty cents damages, which the said John H. Kedzie, on the eighth day of October, A. D. 1850, before the Circuit Court of Putnam county aforesaid, recovered against him, the said William Ray, for his debt and damages, together with lawful interest thereon from the eighth day of October, A. D. 1850, until paid; also the sum of four dollars and forty-three and one-half cents, which was by the said court adjudged to the said John H. Kedzie for costs and charges by him expended about his suit, in that behalf expended, whereof the said William Ray was convicted, as appears of record, and that the said sheriff should have the money at the clerk's office of

said court within ninety days from the date thereof, to render unto the said John H. Kedzie, the debt, interest and charges aforesaid, and should have then and there said writ; which said writ, afterwards, to wit, on the fourteenth day of December, A. D. 1850, at Hennepin, to wit, at the county aforesaid, was delivered to the said Andrew Wardlaw, he then being sheriff of said county, to be by him as sheriff as aforesaid executed in due form of law, and which said writ was in due form of law, and in full force and effect. And afterwards, to wit, on the fourteenth day of December, A. D. 1850, at the county aforesaid, the said Andrew Wardlaw, then being sheriff of said county as aforesaid, by virtue of the said writ of execution, and of the authority vested in him by virtue of his office of sheriff of said county, levied upon a lot of corn in the crib, being a large amount of corn, to wit, five thousand bushels, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof; and afterwards, to wit, on the eighth day of January, A. D. 1851, at the county aforesaid, levied upon another lot of corn in the crib, being a large amount of corn, to wit, three thousand bushels of corn, of great value, to wit, of the value of thirty-five cents for each and every bushel thereof, all of the said corn being then in a crib near said Ray's pork-house, near the town of Hennepin, in the county aforesaid, and being the property of the said William Ray, to satisfy the said writ; which said goods and chattels so levied upon as aforesaid, plaintiffs aver were sufficient to satisfy said writ of execution, if the same were exposed to sale and sold under and by virtue of said writ; yet the said Andrew Wardlaw, sheriff as aforesaid, has willfully, carelessly and negligently omitted and neglected to make any legal return of said writ of execution; by reason whereof, the said John H. Kedzie has been deprived of the benefit of the levy made upon the goods and chattels aforesaid by the said Wardlaw, as sheriff as aforesaid, and the said John H. Kedzie has not been paid his said debt, damages or costs, or any part thereof.

And so the People of the State of Illinois in fact say, that the said Andrew Wardlaw did not faithfully discharge all the duties required of him by law as sheriff of the county of Putnam aforesaid, and that he, the said John H. Kedzie, has been injured by the neglect and misconduct of the said Andrew Wardlaw, as sheriff as aforesaid, and by reason of the non-performance by him, the said Wardlaw, of his duties in that behalf, whereby an action hath accrued to the People of the State of Illinois, to demand and have of and from the defendants to this suit the said sum of ten thousand dollars for the use of the said John H. Kedzie; yet have not the said defend-

ants, nor hath either of them, paid the same or any part thereof, to the damage of the said plaintiff of ten thousand dollars, and therefore they bring this suit, etc.

To this declaration the defendants filed their demurrer.

The court having considered the demurrer to the amended declaration, held that said declaration is insufficient in law, and therefore ordered and considered that said demurrer be sustained; and the plaintiffs not asking leave to further amend their declaration, it was adjudged that said defendants go hence *sine die,* and recover of the said John H. Kedzie their costs herein expended, to be taxed, and have execution therefor.

Error assigned: The sustaining of the defendants' demurrer to plaintiff's declaration, by the court below.

D. P. JENKINS, for Plaintiffs in Error.

B. C. COOK, and W. H. L. WALLACE, for Defendants in Error.

BREESE, J.   This is an action of debt on a sheriff's bond, to which a demurrer was filed and sustained, and the case brought here by writ of error.

We have examined, with some care, the declaration, and the several breaches assigned, and are of opinion that the declaration is good in form and substance, and the breaches well assigned.

The judgment of the Circuit Court is reversed, and the cause remanded, with leave to the defendants to withdraw the demurrer and plead to the action.

*Judgment reversed.*